UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

GABRIELL PHILLIPS,                               :
                                                 :
                                  Plaintiff,     :
                                                 :    1: 13-cv-00998 (ALC)
                   -against-                      :
                                                 :    **MEMORANDUM OPINION**
H. L. HUFFORD (WARDEN),                          :
                                                 :
                                  Defendant.     :
------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

Petitioner Gabriell Phillips ("Petitioner"), currently incarcerated at the Petersburg Federal

Correctional Institution in Hopewell, Virginia,[1] filed this writ of habeas corpus pursuant to 28

U.S.C. § 2241 to challenge the Federal Bureau of Prison's ("BOP") calculation of his sentence.

Respondent Warden H.L. Hufford opposes the petition on the grounds that Petitioner failed to

administratively exhaust his claims and that Petitioner's sentence was validly calculated. For the

reasons set forth below, the Petition for Writ of Habeas Corpus is DISMISSED in its entirety.

**I.      BACKGROUND**

In 2008, Petitioner was arrested by Pennsylvania state authorities on drug manufacture,

possession and distribution charges. (Opp'n 2, ECF No. 12). While he was out on bail, he was

arrested again, this time by federal authorities for distribution of cocaine. (Carr Decl. Exs. D-E,

ECF No. 18). Petitioner was convicted in state court and pleaded guilty to his charges in federal

court. (Opp'n 2, ECF No. 12; Carr Decl. Ex. C, ECF No. 18-1).

---

[1] Petitioner was incarcerated at the Otisville Federal Correctional Institution in New York at the
time he filed this petition. Therefore, this Court retains jurisdiction over Petitioner's habeas
petition. *See* 28 U.S.C. § 2241 (a),(d); *Tribble v. Killian*, 632 F. Supp. 2d 358, 361 (S.D.N.Y.
2009) (Peck, Mag.) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (noting that the
district court where a habeas petition is properly filed retains jurisdiction over the habeas
petition despite petitioner's subsequent transfer to a facility in a different state).

**COPIES MAILED**

On April 21, 2009, the state court sentenced Petitioner to a prison term of three to six years. (Carr Decl. Ex. C, ECF No. 18-1). On March 28, 2011, while he was serving his state sentence, Petitioner was sentenced in federal court. (Opp'n 2, ECF No. 12). The federal court re-sentenced Petitioner on July 24, 2012. (Carr Decl. Ex. I, ECF No. 18-2). It modified Petitioner's sentence from one hundred and twenty months with three years' supervised release to sixty months with five years' supervised release. (Carr Decl. Ex. I, ECF No. 18-2). At resentencing the court stated, "[p]ursuant to USSG [United States Sentencing Guidelines] § 5G1.3, this sentence shall run concurrently with the undischarged term of imprisonment imposed on Petitioner by the state court." (Carr Decl. Ex. I, ECF No. 18-2). After he completed serving his state sentence, Petitioner was released to federal authorities to begin serving his federal sentence. (Carr Decl. Ex. H, ECF No. 18-2).

Because Petitioner was first sentenced in federal court on March 28, 2011, the BOP determined that his federal sentence began on that date. (Opp'n 3, ECF No. 12). Consequently, the BOP gave Petitioner credit for the time he served in state custody beginning March 28, 2011. (Opp'n 3, ECF No. 12). The BOP also credited Petitioner with days he spent in state custody prior to March 28, 2011, for which he did not get credit in state court. (Opp'n 3, ECF No. 12). Petitioner now seeks credit for the time he spent in state custody from April 21, 2009 to March 27, 2011. (Pet. 6, ECF No. 1).

## II.   DISCUSSION

A prisoner may challenge the computation of his sentence by prison officials through a petition for writ of habeas corpus. 28 U.S.C. § 2241; *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citations omitted). In his § 2241 Petition, Petitioner contends that he is entitled to habeas relief because the BOP failed to calculate his federal sentence as fully

concurrent to his state sentence.  (Pet. 6, ECF No. 1).  The Government opposes the Petition for

two reasons.  First, it claims the petition is improperly before the Court because Petitioner failed

to exhaust his administrative remedies, a pre-requisite to filing suit.  (Opp'n 4, ECF No. 12).

Second, it argues Petitioner is ineligible to receive credit for the time in question because he

served that time prior to the imposition of his federal sentence.  (Opp'n 6, ECF No. 12).

### A.      Petitioner has not exhausted all forms of administrative relief.

A petitioner must exhaust all administrative remedies before filing a habeas petition.  *See*

*Carmona*, 243 F.3d at 634.  Failure to do so could result in the petition's denial.  A court may,

however, excuse a petitioner's failure to comply with the exhaustion requirement "if (1)

available remedies provide no genuine opportunity for adequate relief, (2) irreparable injury may

occur without immediate judicial relief, (3) administrative appeal would be futile, [or] (4) in

certain instances, a plaintiff had raised a substantial constitutional question." *Beharry v.*

*Ashcroft*, 329 F. 3d 51, 62 (2d Cir. 2003).

Petitioner, here, admits his failure to exhaust his administrative remedies.  (Pet. 4, ECF

No. 1).  Such failure is grounds for denying the current petition, especially because Petitioner has

not persuasively demonstrated that he is entitled to an exemption. *See Sarro v. Billingsley*, 11

Civ. 9395, 2013 WL 120817, at *3 (S.D.N.Y. Jan. 10, 2013) (citing *Ortiz v. McBride*, 380 F.3d

649, 663 (2d Cir.2004)).  Nonetheless, this Court exercises its discretion to proceed with

analyzing Petitioner's claim as it is without merit. *Sarro*, 2013 WL 120817, at *3 ("[S]ince we

find petitioner's underlying claim to be meritless, we choose to address it here rather than remit

him to whatever agency remedies may still be available to him.").

### B.  Petitioner is not entitled to additional credits towards his federal sentence.

Petitioner is not entitled to credit for time served before his federal sentencing on March

3

28, 2011, because he was exclusively in state custody and his federal sentence was yet to be imposed. *Hickman v. United States*, 05 Civ. 1842, 2006 WL 20489, at *3 (S.D.N.Y. Jan. 4, 2006) (citing *Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983)) (finding that the time a prisoner spends in custody before the imposition of a sentence does not qualify for additional time credit); *see Lopez v. Terrell*, 654 F.3d 176, 178 (2d Cir. 2011) (noting that a prisoner who has been granted state credit for time he spent in custody before he was federally sentenced, cannot also be given federal credit for that same time period under 18 U.S.C. § 3585(b)).

"A federal sentence does not begin to run when a defendant is produced for prosecution in federal court pursuant to a federal writ of *habeas corpus ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *United States v. Sanchez-Abreu*, 09 Cr. 657, 2011 WL 1453814, at *2 (S.D.N.Y. Apr. 14, 2011) (quoting *United States v. Smith*, 812 F. Supp. 368, 370 (E.D.N.Y. 1993)); *see Roche v. Sizer*, 675 F.2d 507, 509-10 (2d Cir. 1982). Petitioner was not exclusively in federal custody during the disputed time period; Pennsylvania still maintained primary jurisdiction over him and he was only transferred to federal court under a writ. (Opp'n 2, ECF No. 12). Therefore, Petitioner is not entitled to receive credit for the disputed time period.

"A federal sentence commences, at the earliest, when an individual is sentenced." *See Greenough v. Hufford*, 12 Civ. 08836, 2013 WL 4534997, at *7 (S.D.N.Y. Aug. 27, 2013) (citing *Lopez*, 654 F.3d at 185, 187 n. 5). This is true even if a state sentence is to run concurrently. *See Mitchell v. Killian*, 08 Civ. 2373, 2009 WL 7451705, at *4 (S.D.N.Y. Apr. 13, 2009), *report and recommendation adopted as modified*, 08 Civ. 2373, 2011 WL 710612, at *3-4 (S.D.N.Y. Feb. 25, 2011). In fact, when concurrent sentences are imposed, prisoners may not

receive credit for time served prior to the imposition of the latter sentence, whether state or federal. *See Sarro*, 2013 WL 120817, at *4.

In response to this Petition, Judge Savage clarified Petitioner's sentence, stating that the Petitioner was not to receive "the benefit of the time he had spent serving his state sentence before his federal sentence was imposed." (Opp'n 4, ECF No. 12; Carr Decl. Ex. P, ECF No. 18). Therefore, the BOP correctly implemented Judge Timothy J. Savage's sentencing order when it gave Petitioner credit for the time he served in state court *after* he was federally sentenced. (Carr Decl. Ex. M, ECF No. 18-3).

## III.    CONCLUSION

For the reasons discussed above, Petitioner's Petition for Writ of Habeas Corpus, (ECF No. 1), is DENIED in its entirety, and DISMISSED with prejudice. The Clerk of the Court is respectfully directed to enter judgment in favor of the Respondent and to close the case.

**SO ORDERED.**

**Dated:** August 6, 2014

**New York, New York**

ANDREW L. CARTER, JR.
**United States District Judge**